IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DIERDRE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | CV-2014-237 |
| ) | |
| HARBIN, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

### INTRODUCTION

1. This case arises out of the Defendant's unlawful actions related to its efforts to coerce payment of an alleged consumer debt from the Plaintiff.

2. Defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter "FDCPA"), and constituted tortious conduct according the laws of the State of Alabama.

### PARTIES

3. Plaintiff is a resident citizen of Mobile County, Alabama and is over nineteen years of age.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a domestic corporate entity engaged in the business of collecting debts in this state, with its principal places of business located at 800 Downtowner Blvd, Ste 109, Mobile, Alabama 36609.

6. Defendant is "a purchaser of distressed receivables," and its principal purpose is the collection of debts using the mails and telephone.

7. Defendant regularly attempt to collect debts alleged to be due to others.

8. Defendant is therefore a "debt collector" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

10. This Court has personal jurisdiction over the Defendant because the Defendant is an Alabama corporation and has engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

11. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

12. At all times relevant to this proceeding, the Defendant was acting in an attempt to collect from the Plaintiff a debt allegedly owed to APX Alarm Security Solutions, Inc.

13. On or about March 15, 2014, the Defendant, acting through its attorney, Michael A. Griggs, sent the Plaintiff a letter demanding payment of $3,706.92 for an alleged debt owed to APX Alarm Security Solutions, Inc.  A true and correct copy of the letter is attached as Exhibit A.

14. On or about March 26, 2014, the Defendant filed a lawsuit against the Plaintiff in the District Court of Mobile County, Alabama, Case No. SM-2014-900970.

15. The complaint in that case alleged that Plaintiff owed a sum of $2,798.40, "plus $201.60 for interest" to the Defendant, by virtue of an alleged contract between Plaintiff and APX Alarm Security Solutions, which Defendant alleged to have been assigned at some point prior to contacting the Plaintiff.  A true and correct copy of the lawsuit is attached and labeled Exhibit B.

16. In fact, Plaintiff did not owe $2,798.40 *or* $3,706.92 to the Defendant.

17. The Plaintiff had once owed a debt to APX Alarm Security Solutions, Inc., but had paid it in full.

18. Defendant's March 15 collection letter falsely stated that the Plaintiff owed a "balance due" of $3,706.92.

19. False statements by a debt collector are illegal per 15 U.S.C. §1692e.

20. Specifically, a debt collector may not make false representations as to the amount, character, or legal status of the alleged debt.  *15 U.S.C. §1692e(2)(A).*

21. Defendant filed the lawsuit with no real factual basis regarding Plaintiff's

liability on the alleged debt.

22. Merely 11 days after sending Plaintiff a letter stating that $3,706.92 was owed, Defendant filed a lawsuit against the Plaintiff alleging that the amount of the debt was $2,706.92.

23. Unless the Defendant was deliberately misrepresenting its claims to the District Court of Mobile County, its collection letter of March 15 was patently false.

24. Furthermore, whatever contract may have existed between the Plaintiff and APX did not provide for the accrual of interest, and therefore Defendant's attempt to collect interest – both by collection letters and by lawsuit – was unlawful.

25. Defendant has violated the FDCPA in the following ways:

    (a) By making false representations to the state court and the Plaintiff of the amount, character, and legal status of the debt, particularly that $3,706.92 was owed, when in fact it was not;

    (b) By attempting to collect amounts not expressly authorized by any agreement or permitted by law, particularly by attempting to collect interest where none was allowed;

    (c) By using an unfair and unconscionable means to collect an alleged debt – namely, the filing of a lawsuit in bad faith when Defendant never had the ability or intention to provide any competent evidence of its claims;

26. As a direct result of Defendant's violations of the FDCPA, Plaintiff has suffered damage in the following ways:

    (a) The expense of time, energy, and resources in defending the state court lawsuit;

    (b) Fear, embarrassment, frustration, emotional distress, headaches, and needless anxiety;

    (c) Damage to her reputation and creditworthiness arising from the publication of false information about the Plaintiff and the alleged debt;

    (d) The cost of hiring an attorney to defend her from the collection lawsuit.

27. Defendant's actions described above demonstrate a severe degree of negligence.

28. State law recognizes a duty to act reasonably in the circumstances.

29. Specifically, debt buyers such as the Defendant have a duty to undertake a reasonable investigation into the factual basis of an alleged debt before seeking to collect it.

30. No such investigation was made in this case.

31. In fact, Defendant attempted to collect this debt knowing full well that it had absolutely no proof that the amount it sought in the March 15 letter or the state court lawsuit were actually owed by the Plaintiff.

32. The Defendant willfully breached its duty of reasonable care and as a result, have damaged the Plaintiff as described above.

33. By sending collection letters and filing the state court lawsuit without a scintilla of evidence and without any intention of ever obtaining such evidence, the Defendant attempted a gross perversion of the judicial process in order to obtain an unjust profit.

34. It was foreseeable that the actions of Defendant would lead to the exact sort of harm suffered by the Plaintiff.  Defendant did in fact foresee that its actions would have damaging consequence for the Plaintiff, yet Defendant chose to pursue its negligent course of action regardless.

35. The actions of Defendant described above constitute an abuse of process.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

a) Actual damages and punitive damages arising from the Defendant's violations of the Fair Debt Collection Practices Act, negligence, and abuse of process;

b) Statutory damages of One Thousand Dollars ($1000) for each of Defendant's violations of the Fair Debt Collection Practices Act;

c) Costs and reasonable attorneys fees incurred in bringing this action;

d) For such other, further, and general relief as the Court deems just and proper;

RESPECTFULLY SUBMITTED this the 28th Day of May, 2014.

/s/ Judson E. Crump_____
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, P.C.
PO Box 2769

Daphne, Alabama 36526
251.272.9148
judson@judsonecrump.com