IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIERDRE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 14-237-CG-C |
| ) | |
| HARBIN, LLC and PATRICK ) | |
| JOUVE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's motion for leave to amend complaint (Doc. 22), Harbin, LLC's response in opposition (Doc. 25), and Plaintiff's reply. (Doc. 27). After careful consideration, the Court finds the motion is due to be granted.

## BACKGROUND

Dierdre Taylor ("Plaintiff") initiated this case on May 28, 2014. (Doc. 1). The docket shows this case got off to a rocky start. After months of unsuccessful service attempts, the Court ordered Plaintiff to serve Harbin, LLC by publication. (Doc. 15). Plaintiff filed proof of publication on February 6, 2015. (Doc. 16). Harbin, LLC answered the complaint on February 27, 2015. (Doc. 17). The Rule 16(b) Scheduling Order subsequently set May 29,

2015 as the deadline for filing motions for leave to amend the pleadings or to join other parties. (Doc. 21, p. 2). Thus, even though Plaintiff filed this motion for leave to amend her complaint on April 30, 2015, roughly eleven months after filing her initial complaint, it is timely filed.

In her complaint, Plaintiff alleges Harbin, LLC violated the Fair Debt Collection Practices Act ("FDCPA") when it attempted to collect a debt from her that she did not owe. (Doc. 1, p. 2). Harbin, LLC sent Plaintiff a letter demanding she pay the debt, and then sued Plaintiff in small claims court in an effort to collect the alleged debt. (Doc. 1, p. 2). Plaintiff alleges that the state trial court ruled in her favor, and the Circuit Court of Mobile County reached the same conclusion after Harbin, LLC appealed. (Doc. 22-1, p. 4).

Through her motion for leave to amend, Plaintiff seeks to add Patrick Jouve as a defendant in his individual capacity. Jouve is the sole manager, organizer, and registered agent for Harbin LLC. (Doc. 8-4, p. 1; Doc. 22-1, p. 2). Plaintiff states she learned additional information about Harbin, LLC and Jouve during the state court litigation. (Doc. 22, p. 1). Plaintiff alleges Jouve operates Harbin, LLC as an alter ego of himself, fails to maintain the corporate form, and does not adequately capitalize the company to satisfy its liabilities. (Doc. 22-1, p. 2). Plaintiff also clarifies significantly her claims for relief in the amended complaint, though the factual allegations underlying the claims are largely the same. (Doc. 22-1, pp. 5 – 8).

Defendant objects to the motion for leave to amend to add Jouve as a

party because "Plaintiff has no factual basis to make such allegations, and Plaintiff has provided no further evidentiary support for said allegations." (Doc. 25, p. 1). Defendant therefore argues adding Jouve as a party "without a scintilla of evidence is prejudicial and malicious." (Doc. 25, p. 1).

## ANALYSIS

Federal Rules of Civil Procedure, Rule 15(a) declares Courts should "freely give leave [to amend a pleading] when justice so requires." "Rule 15(a) evinces a bias in favor of granting leave to amend. Its purpose is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves." Chitimacha Tribe of La. v. Harry L. Laws Co. Inc., 690 F.2d 1157, 1163 (5th Cir. 1982) (citations omitted). Indeed, the Supreme Court makes clear that Rule 15(a)'s "mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Id.

This is Plaintiff's first motion for leave to amend her complaint. Plaintiff did not unduly delay in filing her motion to amend, nor is the amendment futile. Plaintiff seeks to add Jouve as a defendant and potentially "pierce the veil" of Harbin, LLC. (Doc. 22-1, p. 2). Filo Am., Inc. v. Olhoss

3

Trading Co., 321 F. Supp. 2d 1266, 1269 (M.D. Ala. 2004) (under Alabama law, it is possible to "pierce the veil" of an LLC in some situations). Plaintiff also alleges Jouve acted as a "debt collector" in an individual capacity, regardless of the existence of Harbin, LLC. (Doc. 22-1, p. 2; Doc. 27, pp. 1 – 2).

The FDCPA defines the term "debt collector" to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[1] Pursuant to this definition, Plaintiff need not pierce Harbin, LLC's veil for Jouve to be held liable under the FDCPA. See Cruz v. Int'l Collection Corp., 673 F.3d 991, 999 (9th Cir. 2012) (sole owner, officer, and director of corporation may be considered a "debt collector"); Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 437 (6th Cir. 2008) (finding sole member of LLC may be personally liable on the basis of his participation in the debt collection activities of the LLC more generally). Plaintiff's allegations that Defendants, meaning Harbin, LLC and Jouve, "regularly attempt to collect

---

[1] The Supreme Court has interpreted this definition to include individuals, such as lawyers, who regularly engage in consumer debt collection activity. Heintz v. Jenkins, 514 U.S. 291, 299 (1995).  The Eleventh Circuit later echoed, "the Supreme Court has held that initiation of legal proceedings by a creditor *can* constitute a debt collection activity." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 n. 15 (11th Cir. 2010) (emphasis in original). More recently, the Eleventh Circuit found that a law firm may be a "debt collector" if it regularly attempts to collect debts. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir. 2012).

debts alleged to be due to others" and are FDCPA "debt collectors," are sufficient to overcome Defendants' objections to adding Patrick Jouve in his individual capacity. See Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L., 950 F. Supp. 2d 1271, 1275 (S.D. Fla. 2013) (finding same).

Although Harbin, LLC argues Plaintiff does not provide a "scintilla of evidence" to support adding Jouve, the Court disagrees. Plaintiff explains that Jouve is the sole member of Harbin, LLC; a fact that Defendants do not dispute. (Doc. 25, p. 1). Plaintiff asserts she learned more about Harbin, LLC's operations during the related state court litigation. (Doc. 22, p. 1). Plaintiff further explains that given the facts alleged, she should have the opportunity to better conform her complaint to the evidence and get the chance to conduct discovery as to the personal liability of Jouve. (Doc. 22, p. 1; Doc. 27, p. 3). Plaintiff has thus sufficiently provided enough facts in her motion and complaint to state claims for relief that are facially plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The remaining question for this Court to resolve, then, is whether the amendment may result in undue prejudice to Harbin, LLC or Jouve. The Court finds adding Jouve in his individual capacity does not result in undue prejudice. Jouve already knew that his company, Harbin, LLC, of which he is the sole member, was the only named defendant in this lawsuit. The statutes of limitations for these claims have not run, so the constraints and considerations of Rule 15(c) are not an issue. In sum, the Court finds no

significant or justifiable reason to deny Plaintiff's motion for leave to amend her complaint at this stage in the litigation. Foman, 371 U.S. at 182 (denying leave to amend without any justifying reason is abuse of discretion).

Plaintiff's motion for leave to amend her complaint (Doc. 22) is therefore **GRANTED**.

**DONE and ORDERED** this 14th day of May, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE